2011 UT App 8

**Treena A. WITHERS, Plaintiff and Appellee,**

v.

**Marc J. JEPSEN, Defendant and Appellant.**

No. 20090164–CA.

Court of Appeals of Utah.

Jan. 13, 2011.

Marcus Taylor, Richfield, for Appellant.

Dennis C. Ferguson and Timothy J. Bywater, Salt Lake City, for Appellee.

Before Judges THORNE, VOROS, and CHRISTIANSEN.

## MEMORANDUM DECISION

THORNE, Judge:

¶ 1 Marc J. Jepsen appeals from the district court's final order granting summary judgment to Treena A. Withers in this action for partition of jointly owned real property. The district court determined that the property could not be equitably divided into par-

cels. Accordingly, it ordered that the property be sold and the net proceeds, after retirement of the mortgage, be divided equally between the parties. Jepsen argues that the district court abused its discretion when it ordered an equal distribution of the net proceeds of the sale without making further equitable adjustments in the nature of "owelty." [1] We affirm.

¶ 2 Summary judgment is appropriate when there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c). "We review the [district] court's decision to grant summary judgment for correctness, granting no deference to the [district] court." *Centennial Inv. Co. v. Nuttall,* 2007 UT App 321, ¶ 7, 171 P.3d 458 (internal quotation marks omitted). Equitable issues arising in a partition action rest in the sound discretion of the district court. *See Gillmor v. Gillmor,* 657 P.2d 736, 739 (Utah 1982) ("[O]n the critical ultimate issue of whether the partition is fair and equitable, we reverse only if appellant shows that the trial court abused its discretion.").

¶ 3 The material facts relevant to Withers's partition claim are undisputed. Record title to the property was vested in Withers and Jepsen as joint tenants, the property was subject to zoning restrictions that precluded its equitable partition between the parties, and the property was encumbered by a mortgage that had been jointly obtained by the parties. Relying on these undisputed facts, the district court ordered the property sold, the mortgage retired from the proceeds, and the remaining funds divided equally between the parties.[2]

¶ 4 Utah statutes governing partition actions support each aspect of the district court's order. Sale of real property in lieu of

---

1. "Owelty is a remedy sometimes awarded in conjunction with a partition order." *United Park City Mines Co. v. Stichting Mayflower Mountain Fonds,* 2006 UT 35, ¶ 31, 140 P.3d 1200. When equitable partition of property is impossible but sale of the property is undesirable, the district court "can go forward with the partition and award owelty to a prejudiced party in order to compensate for any inequality suffered by that party." *Id.* In this case, the district court did not partition the property and, thus, the concept of owelty is inapplicable. Nevertheless, Jepsen invokes the same statutory provision that author-

izes owelty to support his argument for equitable adjustment of the sale proceeds. *See generally* Utah Code Ann. § 78B–6–1241(3) (2008) ("The court has the power in all [partition] cases to make compensatory adjustment among the parties according to the principles of equity.").

2. Jepsen presented other facts to the court pertaining to the parties' history. Jepsen alleged that the parties had originally married in 1994 and divorced in 1998; that they had reconciled and began living together, without remarrying, in 1999; that Jepsen had received the property as a

partition is permissible when physical division of the property cannot be accomplished "without great prejudice to the owners." *See* Utah Code Ann. § 78B–6–1212(1) (2008). Here, it was undisputed that the six-acre property is subject to zoning restrictions requiring residential lots to be at least five acres in size. Thus, the property could not have been physically divided without losing its residential status or leaving one party with a one-acre, nonresidential lot. Sale of the property, rather than its partition, was therefore permissible. *See id.* Further, when encumbered lots are sold in lieu of partition, mortgages are to be retired from the proceeds of the sale prior to any distribution to the owners. *See id.* § 78B–6–1220. Finally, because Withers and Jepsen were joint tenants in the property, the net proceeds of the sale after retirement of the mortgage were properly divided equally between them. *See* Utah Code Ann. § 57–1–5(4) (2010) ("In all cases, the interest of joint tenants shall be equal and undivided."); Utah Code Ann. § 78B–6–1220(4) (stating that net proceeds shall be divided "among the owners of the property sold according to their respective shares therein").

■ ¶ 5 Nevertheless, Jepsen argues that the district court was required to make an equitable adjustment in the distribution of the net proceeds of the sale because Withers had breached an oral contract that Jepsen and Withers would live together on the property and jointly retire the mortgage debt.[3] We disagree. The district court clearly has the power to make equitable adjustments in partition and sale matters, *see* Utah Code Ann. § 78B–6–1241(3) (2008), but the use of that power is discretionary on the part of the district court. *See Gillmor,* 657 P.2d at 739

("[T]he trial court must be accorded broad discretion in fashioning an appropriate decree of partition.").

¶ 6 Here, the district court considered the factual allegations underlying Jepsen's contract and other claims, and we cannot say that the district court exceeded its permitted discretion when it declined to make equitable adjustments based on those allegations. This is particularly true in light of the district court's determination that Jepsen's allegations of contract and breach failed to raise any material issue of fact regarding his claims. *See generally Smith v. Four Corners Mental Health Ctr., Inc.,* 2003 UT 23, ¶ 51, 70 P.3d 904 ("[U]nsubstantiated legal opinions and conclusions ... cannot create an issue of fact."). We also note that the district court's order accomplished what Jepsen's appellate brief characterizes as the "ultimate goal" of the parties' alleged contract—the retirement of the mortgage on the property.

¶ 7 In conclusion, the district court properly granted summary judgment to Withers ordering that the property be sold, the mortgage be retired with the proceeds from the sale, and the remaining proceeds be equally divided between the parties as joint tenants. We are unpersuaded by Jepsen's arguments that any further equitable adjustment was required, and we accordingly affirm the judgment of the district court.

¶ 8 WE CONCUR: J. FREDERIC VOROS, JR. and MICHELE M. CHRISTIANSEN, Judges.

gift from his parents and reconveyed it to himself and Withers as joint tenants in 2001; and that the parties once again separated in 2002 after Withers became involved with another man. Jepsen additionally alleged that the parties had "entered into a contract after the divorce to jointly finance the home improvements with the new mortgage and that they would stay together and jointly retire that obligation" and that "Withers breached her contract with Jepsen by having an affair ..., thus precipitating the separation and the end of their relationship." The district court determined that these allegations were either immaterial to the issues before the court or constituted merely Jepsen's legal conclusions.

3. To the extent that Jepsen's argument suggests that the parties' conduct in some way altered Withers's record interest in the property, such a result would be barred by the statute of frauds. *See* Utah Code Ann. § 25–5–1 (2007) ("No estate or interest in real property ... shall be created, granted, assigned, surrendered or declared otherwise than by act or operation of law, or by deed or conveyance in writing subscribed by the party creating, granting, assigning, surrendering or declaring the same....").